## HIPP & KEY v. CITY OF HOUSTON.

Decided December 5, 1902.

**1.—Liquidated Damages—Pleading and Proof—Street Paving Contract.**

A judgment for liquidated damages in an action on a street paving contract was sufficiently sustained by the pleading and proof where the answer of the defendant city alleged that it had been damaged to the amount of the sum claimed, being the amount fixed and stipulated in the agreement for the work, and the evidence showed the nature of the work, and that damages for the deprivation of the use of paved streets could not be accurately estimated.

**2.—Same—Waiver—Delay.**

The city did not waive its right to the stipulated damages for delay in paving a street by permitting the contractors to begin and complete the work after the time limit in the contract had expired.

**3.—Interest—Judgment—Statement Insufficient.**

Complaint of a judgment on a written contract on the ground that it does not allow interest prior to the judgment on the amount found to be due under the contract is unavailing where the statement under the assignment of error urging the objection does not show whether the contract stipulates for any particular rate of interest, or when the sum claimed was due.

Appeal from the District Court of Harris County. Tried below before Hon. Charles E. Ashe.

*Coleman & Abbott,* for appellants.

*T. H. Stone* and *E. P. Phelps,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellants brought this action to recover of the city of Houston an alleged balance due on three certain paving contracts, and for damages claimed to have been suffered by the appellants on account of delay in the work caused by the acts of the appellee. The city claimed the balance retained by it as liquidated damages under the terms of the contracts for failure to complete the work by the time stipulated therein. The case was sumitted to the court without a jury, and judgment was rendered in favor of the appellants for a balance due after allowing the city to retain certain sums as liquidated damages for delay in completing the work.

The contracts sued on were made by the city of Houston with the Barber Asphalt Paving Company, and the claim for money due upon the same was assigned to the appellants. They were (1) for the paving of Main street, dated February 7, 1899; (2) Houston avenue, dated May 15, 1899; (3) Crawford street, dated May 15, 1899. By the terms of these contracts the city was to pay for the work as it progressed, on estimates given monthly by the city engineer, the city retaining 20 per cent of each estimate as security for faithful performance. The entire work was completed and accepted by the city, and the payments made thereon except the retained balances of 20 per cent an each contract. The amounts retained were $1133.80 on the Main street contract; $796.90 on the Houston avenue contract, and $750 on the Craw-

ford street contract. These amounts were claimed by the city under a provision of the several contracts, which were all alike. The contract for the paving of Main street contained the following provisions:

"Said work to begin within thirty days after written notice by the board of public works; to progress regularly and uninterruptedly after commencement, excepting as shall be otherwise ordered by the board of public works of said city, and he finished and fully completed on or before the 1st day of June, 1899; the time of beginning, rate of progress, and time of completion being essential elements of this contract." Section 5 provides: "All loss or damage arising out of the nature of the work to be done, or from any detention or other unforeseen obstruction or difficulties which may be encountered in the prosecution of the work, or from the action of the elements, shall be sustained by the party of the first part." Section 20 of said contract is as follows: "The party of the first part further agrees that the returns and estimates of the engineer shall be the account by which the amount of work done shall be computed, and that he shall not be entitled to demand or receive payment for any work upon, in, or about said work unless ordered in writing by the engineer and approved by the mayor." Section 4 of general specifications, attached to and made a part of said contract, provides, after reference to wages of inspectors, "and in addition, will also be deducted the sum of ten dollars per diem for the same period, estimated as liquidated damages to the city of Houston from failure to complete the work at the time specified (time of completion of the contract being an essential element and consideration) unless the city council shall by resolution grant an extension of time for the completion of the work." Section 28 thereof provides, "If any question arises as to the meaning of this specification or any part thereof, interpretation of the same shall be made by the engineer and board of public works, and such interpretation shall be taken and received by the contractor with the same force and effect as though originally made a part hereof." It is provided in paragraph 15 of said contract as follows: "If in any event the said party·of the first part shall fail to proceed with the work in accordance with the terms of the agreement, that the said city, by its mayor, shall have full power and authority to take the work out of the hands of the said party of the first part, to prosecute the same as provided by section 37 of the charter of the city of Houston, and to employ workmen to complete the unfinished work and to deduct the expense thereof from any money that may be due and owing to said party of the first part on account of the prosecution of the work under this contract according to the provisions thereof, or to relet the same to other contractors as provided herein." Section 17 is as follows: "The mayor of the city of Houston shall have the right and power to declare this contract forfeited, or any part thereof, when advised by the board of public works and city engineer of any violation of any of the terms, conditions or limitations herein contained, at any time during the continuance thereof."

The other contracts had similar provisions, but the work under them was to be completed by August 15, 1899. Notice to begin work on Main street was given February 20, 1899, and the trial judge allowed damages in favor of the city for $320, as liquidated or stipulated damages for thirty-two days' delay in completing the work. Notice was given to begin work on Houston avenue May 25, 1899, and damages were allowed in favor of the city for $170, as liquidated damages for seventeen days' delay in completing the work. Notice to begin the work on Crawford street was given May 25, 1899. It was to be completed by August 15, 1899. But work was not begun until about September 20, 1899. On September 16, 1899, the city engineer notified the appellants that the time limit had expired. The work was begun, however, about September 20, 1899, and it was completed on November 1, 1899. It was done under the supervision of the city engineer, and estimates and payments were made as the work progressed. No effort was made to cancel the contract or to notify the appellants that they would be held for damages on account of delay. The trial court found in favor of the appellee the sum of $750, as liquidated damages for seventy-five days' delay in the completion of this contract. The conclusion of the trial judge as to the number of days' delay in the completion of the several contracts is fully sustained by the evidence, and is approved and adopted as the conclusion of this court.

Appellants first and second groups of assignment of errors attack the conclusion of the trial court in allowing the damages for delay in the completion of the work on Main street and Houston avenue. As above stated, we approve the conclusion of the trial judge as to the number of days delay on each of these contracts. By another assignment of error, the tenth, it is contended that the judgment for liquidated damages is without pleading and evidence to support it. The answer alleged that the appellee had been damaged to the amount of the sum claimed by the appellants by breach of the contract, and that the amount of the damages was fixed and stipulated in the agreement for the work. The evidence developed and showed the nature of the work, and that damages for the deprivation of the use of paved streets to the inhabitants of the city for the time of the delay in the completion of the work were of such a nature that they could not be accurately estimated. Particularity of averment and proof was not necessary to sustain the judgment for damages, and both were sufficient. Brown Iron Co. v. Norwood, 5 Texas Ct. Rep., 154. The city did not waive its right to damages for delay in the paving of Crawford street by permitting the appellants to begin and complete the work after the time limit in the contract had expired.

By the eleventh assignment of error the judgment is complained of because the court did not allow interest on the amount found to be due the appellants prior to judgment. Where interest is the legal consequence of a debt or obligation without stipulation, it may be recovered though not claimed in the pleading. 11 Enc. of Pl. and Prac., 435;

Railway v. Greathouse, 82 Texas, 111. Appellants did not claim interest in their petition. Revised Statutes, article 3101, allows interest on all written contracts where no rate is specified at the rate of 6 per cent per annum from the time the sum is due and payable. But the appellants have made no statement under their assignment of error to advise us whether the contract stipulates for any particular rate of interest, or when the sum claimed was due. In the absence of a sufficient statement we overrule the assignment. There is no sufficient statement under the twelfth, thirteenth, and fourteenth assignments of error, grouped, to show that the appellants sustained any damages by the action of the appellee for which they were entitled to recover. We overrule also the cross-assignment of error for the want of sufficient statements. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.